## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

LANELLE SWANSON, on behalf of herself and
all others similarly situated,

     PLAINTIFFS,

  v.

LORD & TAYLOR LLC,

     DEFENDANT.

)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. _____

### NOTICE OF REMOVAL BY DEFENDANT LORD & TAYLOR LLC

Pursuant to 28 U.S.C. § 1446, Defendant Lord & Taylor LLC ("Defendant") hereby invokes this Court's jurisdiction under 28 U.S.C. §§ 1332(a) and 1332(d), and states the following grounds for removal:

1. This is the second time that Defendant has removed what is essentially the same putative class action, filed by the same plaintiff, to this Court.

2. On January 11, 2011, Plaintiff Lanelle Swanson ("Plaintiff") filed a putative class action complaint against Defendant in the Superior Court for Middlesex County, Massachusetts, Civil No. 11-0098 ("Swanson I"). In Swanson I, Plaintiff alleged that she and similarly situated employees had worked through meal breaks without compensation, and that she had therefore not been paid for all hours worked. Swanson I alleged claims under M.G.L. c. 149 §§ 148 and 150, as well as a claim under the common law theory of unjust enrichment.

3. On March 10, 2011, Defendant removed Swanson I to this Court on the grounds of diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1332(d), the Class Action Fairness Act ("CAFA"). A true and correct copy of the Notice of Removal in Swanson I is attached as Exhibit A. Upon removal to this Court, Swanson I was captioned

Swanson v. Lord & Taylor LLC, 1:11-cv-10412-JLT (D. Mass.), and assigned to the Honorable Joseph Tauro.

4.      After a period of discovery in this Court, including the exchange of numerous documents and several depositions, Plaintiff moved for class certification, and Defendant opposed that motion.  In her motion for class certification, in addition to the claims described above regarding missed meal breaks, Plaintiff also alleged that her compensable time had been unlawfully "rounded down" and that she therefore was not paid for all time worked.

5.      The Court held oral argument on Plaintiff's motion for class certification in Swanson I on December 14, 2011.   On December 20, 2011, the Court issued an order denying Plaintiff's motion for class certification, holding that Plaintiff was neither an adequate nor typical class representative.  This Order is attached as Exhibit B.  Swanson I remains pending in this Court before Judge Tauro as an individual action on behalf of the Plaintiff.

6.      On December 21, 2011, the day after class certification was denied, Plaintiff filed a new putative class action in Middlesex Superior Court, Civ. No. 11-4567 (hereinafter referred to as "Swanson II").

7.      The Complaint in Swanson II contains nearly-identical allegations to the Complaint in Swanson I, except that the rounding allegations that Plaintiff set forth in her motion for class certification in Swanson I are alleged in the Complaint in Swanson II.  Also, Swanson II contains exclusively Massachusetts statutory claims under M.G.L. c. 149 §§ 148 and 150, and does not set forth a claim for relief under a theory of unjust enrichment.

8.      Plaintiff served the Defendant with the State Action Summons and Complaint in Swanson II on January 6, 2012.  True and correct copies of the served Swanson II Summons and Complaint are attached as Exhibit C.

9.     Defendant has not served any answer or responsive pleading to the Swanson II Complaint, nor made any appearance or argument before the State Court.  Thus, this Notice has been filed with this Court within thirty (30) days of service of copies of the Swanson II Summons and Complaint in the State Action upon any Defendant.

10.    Like Swanson I, this action is removed to this Court on the grounds of diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and pursuant to 28 U.S.C. § 1332(d), CAFA.

11.    The Swanson II Complaint is pleaded as a putative class action in which Plaintiff seeks to represent all Lord & Taylor sales associates in the Commonwealth of Massachusetts. Swanson II Compl. ¶¶ 1, 3.  Plaintiff places an indefinite temporal period on this purported class. Id.

12.    Plaintiff is a citizen of the Commonwealth of Massachusetts within the meaning of 28 U.S.C. § 1332(a).  Id. ¶ 2.

13.    Defendant is organized under the laws of Delaware, with its principal place of business in New York, New York.  Id. ¶ 4; see also Exhibit D hereto, Declaration of Diana Hoover ("Hoover Decl."), ¶ 3.

14.    Plaintiff has not alleged a specific amount in controversy in the Swanson II Complaint.  Accordingly, to support removal, Defendant need only demonstrate a "reasonable probability" that the aggregate claims of the purported class are greater than $5 million, and this burden is "not an onerous one."  Manson v. GMAC Mortgage, LLC, 602 F. Supp 2d 289, 293-94 and n.9 (D. Mass. 2009) (citing Amoche v. Guar. Trust Life Ins. Co., 556 F.3d 41 (1st Cir. 2009)).  Plaintiff's likelihood of success on the merits is not relevant.  Rather, "the pertinent question is what is in controversy in the case, not how much the plaintiffs are ultimately likely to recover."  Id.  Without admitting that Plaintiff or the purported class could recover any damages,

the amount in controversy in this action exceeds $5,000,000.00, exclusive of interest and costs, as established below.

15.     Plaintiff seeks recovery in Swanson II pursuant to the Massachusetts Wage Act. M.G.L. c. 149 §§ 148 and 150.

16.     Plaintiff alleges that Lord & Taylor automatically docks its employees' pay for one-hour lunch breaks, even when the employees do not take those breaks.  Swanson II Compl. ¶¶ 1, 9-11.  Plaintiff further alleges that Lord & Taylor's sales associates' recorded work hours are automatically rounded by Lord & Taylor's payroll system in a manner that deprives employees of earned wages.  Id. ¶¶ 1, 12.

17.     Plaintiff's hourly rate of pay as of the time she left her employment with Lord & Taylor was $11.65 per hour, which is representative of the typical hourly pay rate for sales associates in Massachusetts.  See Hoover Decl., ¶ 4.

18.     As of December 15, 2008, there were approximately 185 full-time and 496 part-time sales associates.  Id. ¶ 5.  As of March 7, 2010, there were approximately 147 full-time and 305 part-time sales associates.  Id.  As of February 14, 2011, there were approximately 165 full-time and 375 part-time sales associates.  Id.  As of January 17, 2012, there were approximately 175 full-time and 413 part-time sales associates.

19.     Accordingly, for the three-year period preceding the filing of the Complaint in this matter (December 2008 – December 2011), there was an approximate average of 168 full-time and 397 part-time sales associates at Lord & Taylor stores in Massachusetts.[1] Id.

20.     The amount in controversy for the relevant time period, with regard to Plaintiff's allegations concerning missed meal breaks, can be estimated by multiplying the Plaintiff's

---

[1] The limitations period for private actions under the Massachusetts Wage Act is three years.  M.G.L. c. 149 § 150.

hourly wage rate by the total number of meal breaks at issue for the purported class. With five allegedly missed meal breaks per week at a rate of $11.65 per hour, for 168 full-time sales associates for the period from December 21, 2008 (three years preceding the filing of the Complaint) to the present (160 weeks), the estimated amount in controversy for missed meal breaks for full-time sales associates is approximately $1,565,760.00.

21.     As explained above, Lord & Taylor also employed numerous part-time sales associates in Massachusetts. The amount in controversy for part-time associates for the relevant 160 week period, with regard to Plaintiff's allegations concerning missed meal breaks, can be estimated by multiplying the Plaintiff's hourly wage rate by the total number of meal breaks in controversy for part-time associates. Assuming, without admitting, these part-time associates were not paid for one missed meal break per week results in an estimated missed meal break total amount in controversy for part-time sales associates of approximately $740,000.00 ($11.65/hr. * 397 part-time sales associates * 160 weeks).

22.     Plaintiff also alleges additional damages because Lord & Taylor allegedly rounds swiped times to scheduled times when those times are within six minutes of each other. Swanson II Compl. ¶ 12. Plaintiff further alleges that associates typically arrive "several minutes early" and leave "several minutes late" each day. Id. Plaintiff claims that she and the purported class members are entitled to be compensated for this time. Id. While difficult to quantify the claimed damages based on the vague allegations of the Complaint, this claim further increases the amount in controversy. Assuming, without admitting, that each sales associate swiped in five minutes early and swiped out five minutes late for each shift, results in a total of 10 minutes per day (or 50 minutes per week) of allegedly unpaid work. For full-time associates alone, during the relevant 160 week period, the estimated amount in controversy attributable to these

allegations would total approximately $250,522.00 (168 sales associates * $11.65/hr. * 0.8 hours/week * 160 weeks). This amount would be further increased by the amount in controversy attributable to part-time associates.

23.     The estimated total amount in controversy for the claims identified above would therefore total approximately $2,556,282.00 ($1,565,760.00 + $740,000.00 + $250,522.00). Plaintiff further seeks that this award of damages be trebled under M.G.L. c. 149 § 150, which would result in an amount in controversy of approximately $7,668,846.00, which far exceeds the $5 million amount in controversy necessary to establish jurisdiction under CAFA.[2]

24.     In addition, Plaintiff seeks attorney's fees for her claims (Swanson II Complaint at p. 4), which may be included in determining the amount in controversy for purposes of CAFA. Guglielmino v. McKee Foods Corp., 506 F.3d 696, 700 (9th Cir. 2007) (attorney's fees are appropriately counted toward the amount in controversy in CAFA removal actions where the underlying statute provides for an award of attorney's fees). In a recent fee petition in a class action before this Court, DiFiore v. American Airlines, Inc., Civ. No. 07-10070, lead counsel for the Plaintiff in this matter sought to be reimbursed at a rate of $400/hour. See Exhibit E hereto, at 3. Without conceding that this hourly rate is appropriate here, we can presume that Plaintiff's counsel will seek at least this hourly rate in connection with this matter. In DiFiore, total attorney's fees sought were $348,256.00. Id. A similar request here would further increase the estimated amount in controversy in this matter to approximately $8,017,102.00.

25.     The Court may not decline to exercise jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(3), because Defendant is not a citizen of the state in which the action was filed.

26.     Defendant submits this Notice without waiving any defenses to the claims

---

[2] This amount will continue to increase over time as the litigation of Swanson II progresses because, under Plaintiff's theory, alleged damages continue to accrue.

asserted by Plaintiff or conceding that Plaintiff has pled claims upon which relief can be granted. To the contrary, Defendant disputes the viability of Plaintiff's claims.

27. The State Court from which this action was removed and in which this action was commenced is within this Court's district and division.

28. This Notice of Removal will be filed promptly with the State Court, as required by 28 U.S.C. § 1446(d).

29. By copy of this document and in accordance with the Certificate of Service, the Defendant is providing notice to all Parties in this action advising of the filing of this Notice of Removal pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant prays that the above action now pending against it in Middlesex County Superior Court of the Commonwealth of Massachusetts be removed therefrom to this Court.

Respectfully submitted,

LORD & TAYLOR LLC
By its attorneys,

/s/ Douglas J. Hoffman
Jeffrey S. Brody (BBO# 556032)
Douglas J. Hoffman (BBO# 640472)
JACKSON LEWIS LLP
75 Park Plaza
Boston, MA 02116
(617) 367-0025; FAX: (617) 367-2155

Dated: January 25, 2012

## CERTIFICATE OF SERVICE

This hereby certifies that on this 25th day of January 2012, a true and accurate copy of the above document was filed with the Court via the ECF system, and served upon the attorneys listed below, via electronic mail and first-class mail, postage prepaid.

Shannon Liss-Riordan
Stephen Churchill
Lichten & Liss-Riordan, P.C.
100 Cambridge Street, 20th Floor
Boston, MA 02114

Corrinne Hood Greene
Law Office of Corrinne Hood Greene
One Thompson Square, Suite 502
Charlestown, MA 02129

/s/ Douglas J. Hoffman
Jackson Lewis LLP

4832-5262-4648, v. 1

-8-